UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL G. ROBINSON and MICHELLE
ROBINSON,

                    Plaintiffs,

   -against-                                   MEMORANDUM &
                                                          ORDER
                                                           12-Civ-4196 (SMG)

H&R BLOCK BANK, FSB, SAND CANYON
CORPORATION f/k/a OPTION ONE
MORTGAGE CORPORATION, and MELISSA
HIVELY,

                    Defendants.
------------------------------------------------------------X
*Gold, S., United States Magistrate Judge:*

       Plaintiffs Michael and Michelle Robinson ("the Robinsons") commenced this action by filing a complaint in the Supreme Court of New York for Kings County against defendants H&R Block Bank, FSB ("H&R Block"), Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon" f/k/a "Option One"), and Melissa Hively. Defendants removed the action to this Court on diversity grounds on August 22, 2012. Docket Entry 1. Plaintiffs filed an amended complaint on October 3, 2012, asserting claims of fraud and unjust enrichment and seeking a declaratory judgment, all relating to a note and mortgage they concededly executed and which defendant H&R Block asserts was properly assigned to it.

       I held an initial conference in this case on January 23, 2013. At that time, I set a schedule for discovery and briefing of defendants' anticipated motion for summary judgment. It is undisputed that defendants served plaintiffs with interrogatories and document demands, and that plaintiffs failed to respond in any way to them. It is also undisputed that defendant H&R Block has made the original note and mortgage at issue available for plaintiffs' inspection, and that

plaintiffs have elected not to examine the documents.

Defendants now move for summary judgment dismissing all of plaintiffs' claims. Def. H&R Block's Mot. Summ. J., Docket Entry 23; Defs. Sand Canyon and Hively Mot. Summ. J., Docket Entry 24 (joining in H&R Block's motion and adopting its Rule 56.1 Statement in its entirety). The parties have consented to the referral of this case to me for all purposes including entry of judgment. Docket Entry 19. For the reasons outlined below, defendants' motion is granted.

## FACTS

The following facts are undisputed: On November 28, 2005, plaintiff Michael Robinson executed an Adjustable Rate Note in the amount of $465,000 ("Adj. Rate Note")[1] in favor of Option One Mortgage Corporation ("Option One"), which evidenced a loan for the purchase of and which was secured by an interest in the property located at 9222 Avenue B, Brooklyn, New York ("the Property").[2] Def. Rule 56.1 ¶¶ 1-2; Am. Compl. ¶ 10; Sugimoto Decl. ¶¶ 4-6.

On December 21, 2006, in connection with a second loan from Option One that was also secured by a mortgage interest in the Property, Mr. Robinson executed a Gap Adjustable Rate Note in the amount of $54,673.66 ("Gap Note")[3] in favor of Option One. Def. Rule 56.1 ¶¶ 3-4; Am. Compl. ¶ 12; Sugimoto Decl. ¶¶ 7-8. Plaintiffs then consolidated and refinanced their mortgage. Def. R. 56.1 ¶ 5; Am. Compl. ¶ 13. In connection with refinancing, the Robinsons executed a Consolidation, Extension, and Modification Agreement (the "CEMA Mortgage") that

---

[1] Copies of the Adjustable Rate Note are included as exhibits from both parties. Declaration of Greg Quarles, Docket Entry 23-2 ("Quarles Decl."), Ex. 2, at 41-45; Declaration of Megan Duane, Docket Entry 26-2 ("Duane Decl."), Ex. B., at 38-43.

[2] The loan and mortgage documents refer to the Property's address as 9222 Avenue B, so the Court will assume that references to "922 Avenue B" in H&R Block's materials are typographical errors. *See* Quarles Decl., Ex. 4; Def. R 56.1 ¶ 2; Declaration of Dale Sugimoto ¶ 5, Docket Entry 23-3 ("Sugimoto Decl.").

[3] Copies of the Gap Note are included as exhibits from both parties. Quarles Decl. Ex. 3, at 47-51; Duane Decl. Ex. B, at 28-32.

2

consolidated the two mortgage interests in the Property, and Mr. Robinson executed a Consolidated Adjustable Rate Note ("CEMA Note"). Def. R. 56.1 ¶¶ 5-6; Sugimoto Decl. ¶¶ 9-10; Quarles Decl., Exs. 1, 4.

Defendants represent that, soon after the loan was consolidated and refinanced, Option One transferred it to H&R Block by indorsing a document called an "Allonge to Note" dated December 21, 2006 ("Allonge"), which references the CEMA Note and reads: "Pay to the order of H&R Block Bank, FSB." Def. R. 56.1 ¶ 7; Quarles Decl., Ex. 4, at 58. According to defendants, at the time of this transfer, "it was Option One's practice to deliver allonges by placing the allonges directly behind their corresponding notes." Def. R. 56.1 ¶ 13; Sugimoto Decl. ¶ 15. Thus, the Allonge was not physically affixed to the CEMA Note until March 12, 2013, when H&R Block stapled the documents together. Def. R. 56.1 ¶ 14; Quarles Decl. ¶ 7. Defendant H&R Block also claims to be in current possession of the "wet-ink" original CEMA Note with stapled Allonge and CEMA Mortgage. Def. R. 56.1 ¶ 15; Quarles Decl. ¶ 8.

Next, on January 31, 2007, consistent with Option One's intention to transfer the loan obligation, a set of documents was delivered to and received by H&R Block, including the following: 1) the original CEMA Note with Allonge, 2) the original Adjustable Rate Note, 3) the original Gap Note, and 4) the corresponding mortgage documents. Def. R. 56.1 ¶¶ 8-12; Sugimoto Decl. ¶¶ 11-14; Quarles Decl. ¶¶ 3-6, Exs. 2-4. The original CEMA Mortgage, after being recorded with the City Register on February 12, 2007, was also delivered to H&R Block. Def. R. 56.1 ¶ 11; Quarles Decl. ¶ 5.

Option One sold its mortgage loan servicing business and changed its name to Sand Canyon Corporation ("Sand Canyon") as of April 30, 2008. Defendant's Rule 56.1 Statement ¶ 18, Docket Entry 23, at 3-7 ("Def. R. 56.1"); Sugimoto Decl. ¶ 3. An Assignment of Mortgage

3

was executed by Sand Canyon in favor of H&R Block and recorded with the City Register in March 2011, but annotated with an effective date of November 28, 2005. Def. R. 56.1 ¶ 19; Sugimoto Decl. ¶ 17, Ex. A. This effective date should have corresponded to the third, consolidated CEMA Note, dated January 21, 2007, but it corresponds instead to the date of the first Adjustable Rate Note, dated November 28, 2005. This error was corrected in September 2012, when Sand Canyon executed a Correction Assignment of Mortgage and arranged for it to be recorded. Def. R. 56.1 ¶ 20-21; Sugimoto Decl. ¶ 18, Ex. B.

## DISCUSSION

### A. The Summary Judgment Standard

To prevail on a motion for summary judgment, the moving party must show that "there is no genuine dispute as to any material fact" and that therefore "it is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When evaluating the motion, the evidence presented must be viewed in the light most favorable to the party opposing summary judgment, and all inferences must be drawn in that party's favor. *See Giannullo v. City of New York*, 322 F.3d 139, 140-41 (2d Cir. 2003) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)); *Maharishi Hardy Blechman Ltd. v. Abercrombie and Fitch Co.*, 292 F. Supp. 2d 535, 540 (S.D.N.Y. 2003); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Simply put, summary judgment may be granted only if there is no genuine factual dispute; it must be denied "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

### B. Fraud Claim

Plaintiffs allege that defendants orchestrated a "fraudulent scheme" pursuant to which Sand Canyon purportedly assigned the CEMA Note to H&R Block when in fact it could not have

done so. Am. Compl. ¶ 39. The elements of a fraud claim under New York law are as follows:

> (1) defendant made a representation as to a material fact; (2) such representation was false; (3) defendant[ ] intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance plaintiff sustained pecuniary loss[.]

*Stephenson v. PricewaterhouseCoopers, LLP*, 482 F. App'x 618, 622 (2d Cir. 2012), as amended (June 13, 2012) (quoting *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 488, 836 N.Y.S.2d 509, 868 N.E.2d 189 (2007) (internal quotation marks omitted)).

Plaintiffs have adduced no evidence of any fraud by defendants whatsoever. As their counsel acknowledged during oral argument, and as is indicated in their complaint, Am. Compl. ¶ 13, and in their papers submitted in opposition to summary judgment, Robinson Decl. ¶¶ 4-5, plaintiffs do not dispute that they executed the notes and mortgages described above and received the proceeds of the loans they reflect. Nor do plaintiffs contend that there was anything fraudulent about any of the loan transactions they conducted with Option One. In short, plaintiffs do not deny that they owe the money due under the CEMA Note.

A party asserting a claim of fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The particular circumstances alleged in plaintiffs' complaint primarily concern the confusion about the dates of the recorded assignments. For example, plaintiffs contend it was fraudulent for Sand Canyon to execute an assignment of the CEMA note with an effective date of November 28, 2005, because the CEMA Note had not yet been executed as of that date. Am. Compl. ¶¶ 18-20. As indicated above, however, the erroneous date was corrected in a subsequent filing recorded in September of 2012. Plaintiffs also contend that Sand Canyon executed assignments at points in time when it no longer held any mortgages. Am. Compl. ¶ 21. Yet is clear that the assignments, while they may have been

5

prepared or recorded at a point in time when Sand Canyon no longer held the mortgages at issue, or any other mortgages, were intended to reflect assignments that took place when it (or its predecessor entity, Option One) did hold the mortgages. The final particular allegation of fraud in plaintiffs' complaint is that defendant Melissa Hively signed an assignment in her capacity as a vice president of Sand Canyon when in fact she did not hold that position. Am. Compl. ¶ 22. However, defendants have presented evidence in support of their motion that defendant Hively was in fact a Sand Canyon vice president, Suppl. Sugimoto Decl., Docket Entry 27-2, and plaintiffs have not presented any evidence to the contrary. Thus, plaintiffs have failed to present evidence indicating that any of the representations on which their fraud claim is based were false. Moreover, plaintiffs' fraud claim would fail even if they had presented evidence that the representations identified in their complaint were false, because plaintiffs have adduced no evidence that the representations were made by defendants with deceptive intent, or that plaintiffs reasonably relied on any of these representations and suffered any pecuniary loss as a result.

      Plaintiffs' fraud claim – hardly a model of clarity – might also be construed more broadly as a challenge to H&R Block's contention that it holds the note and mortgage and is entitled to payment and foreclosure in the event of default. Even this broader construction of plaintiffs' claim is insufficient to defeat summary judgment. Defendants have submitted the affidavits of the presidents of Sand Canyon and H&R Block. Sand Canyon's president affirms that Sand Canyon was formerly known as Option One, that Option One intended to assign the note executed by plaintiffs to H&R Block, and that Option One delivered the note, with an allonge[4] and the mortgage, to H&R Block. Sugimoto Decl. ¶¶ 1, 11-13. The president of H&R Block

---

[4] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary (9th ed. 2009).

6

confirms that H&R Block received the note, allonge and mortgage and continues to have the original documents in its possession. Quarles Decl. ¶¶ 3-6. As indicated above, H&R Block has made these original documents available to plaintiffs for their inspection, but plaintiffs have chosen not to examine them.

Plaintiffs' challenge to the validity of the assignment from Option One to H&R Block rests upon the allegations of fraud already addressed above and their contention that the allonge was ineffective because it was merely bundled with, but not attached to, the note in issue. *See* Sugimoto Decl. ¶ 15. Any alleged defect concerning the allonge, however, would be immaterial, because an assignment may be made under New York law by physical delivery and not only by written indorsement. The Second Circuit has recognized that, "under New York law, physical delivery will effect a valid assignment of a note and mortgage; a written assignment is not required," and pointed out that, even though certain assignments at issue had not been recorded, "the validity of the physical transfers themselves is unaffected." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 11-4773-CV, 2012 WL 6013454, at *2 (2d Cir. Dec. 4, 2012) (*citing U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)); *see also In re Idicula*, 484 B.R. 284, 288 (Bankr. S.D.N.Y. 2013) ("An assignment of the note and mortgage can be effectuated by a written instrument or by physical delivery of the instrument from assignor to assignee."). Neither is it required that mortgage assignments are recorded, or that they even be in writing, as long as the mortgage and note are actually delivered. *In re Feinberg*, 442 B.R. 215, 223 (Bankr. S.D.N.Y. 2010) (noting that the holder's "possession of the note and mortgage attests to their delivery and is sufficient evidence of a valid mortgage assignment"); *In re Conde-Dedonato*, 391 B.R. 247, 251-52 (Bankr. E.D.N.Y. 2008) (holding that "[a]n effective mortgage assignment is accomplished by delivery only" and that an affidavit from a loan servicer that a

7

bank was in fact the holder of the mortgage was sufficient evidence of a valid assignment).

Plaintiffs have proffered no evidence to rebut the assertions in the Sugimoto and Quarles declarations concerning delivery of the note and mortgage by Option One to H&R Block with the intention of assigning the note and mortgage. Nor have they sustained any pecuniary loss as a result of the assignment; H&R Block asserts without contradiction that all payments made by plaintiffs have properly been credited to them, Quarles Decl. ¶ 9, and there is no indication that any other entity asserts an interest in the note or mortgage. For all these reasons, defendants are entitled to summary judgment on plaintiffs' claim of fraud.

### C. Unjust Enrichment Claim

In New York, "[t]he theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates *in the absence of any agreement.*" *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586-87 (2d Cir. 2006) (quoting *Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d 561, 572 (2005) (emphasis added)). Thus, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388-89 (1987). Because there clearly exists a contractual agreement governing the obligations at issue in this case, the unjust enrichment claim must be dismissed.

### D. Plaintiffs' Requests for Declaratory and Other Relief

Absent any evidence of fraud on the part of defendants, I also deny the Robinsons' requests for a declaratory judgment voiding the assignment of the note and mortgage at issue and clearing title to the Property, as well as for an award of attorney's fees, costs, and disbursements. Am. Compl. ¶ 56.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment dismissing all claims is hereby granted, and plaintiffs' various requests for relief are denied. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Dated:   Brooklyn, New York
         May 29, 2013

*U:\DFM 2012-2013\Robinson v H&R Block\Robinson MSJ final 052913.docx*